ORDER
FORDHAM, JUDGE:
An application of the claimant, Corliss J. Bridges, for an award under the West Virginia Crime Victims Compensation Act, was filed August 11, 2005. The report of the Claim Investigator, filed July 7, 2006, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on August 29, 2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed September 8, 2006. This matter came on for hearing May 18, 2007, the claimant appearing in person, and Assistant Attorney General Ronald R. Brown for the State of West Virginia.
On July 24,2005, William C. Bridges, the 21-year-old son of the claimant, was the victim of criminally injurious conduct near Morgantown, Monongalia County. The victim was sitting in a vehicle at the park and ride on Goshen Road when the offender, Dwayne Jones, attempted to rob Mr. Bridges and fatally shot him.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W. Va. Code § 14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim ...”
Corliss Bridges testified at the hearing of this matter that on the day her son was shot, she did not believe that he had gone out to meet Dwayne Jones for a drug deal. She testified that according to the police report, Mr. Bridges and Mr. Jones had met at the Park and Ride at Goshen Road and that Mr. Jones had gotten into Mr. Bridges’ vehicle. The police report further stated that Mr. Jones attempted to rob Mr. Bridges and then shot him in the chest. Ms. Bridges stated that her son’s telephone records indicated that he had received several telephone calls from Mr. Jones that day, but that he had not answered the telephone. Ms. Bridges testified that it was her belief that her son had been lured to the area and that he never would have met Mr. Jones otherwise.
Trooper Eric Hudson testified that on the date of the crime, he was employed by the West Virginia State Police. He stated that while he was exiting 1-79 at Goshen Road, a young black male stumbled in front of his police cruiser. The young man, Mr. *327 Bridges, told Trooper Hudson that he had been shot by Dwayne Jones. Trooper Hudson testified that during the investigation, Mr. Jones had stated that he met the victim for a marijuana sale. He further testified that there were two small bags of marijuana found in Mr. Bridge’s vehicle.
The Claim Investigator’s original finding was that the victim was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that her son was not guilty of contributory misconduct. The Court is of the opinion that she did not meet this burden. There was evidence that there were drugs in Mr. Bridges’ vehicle and that the two men had met there for a drug deal. Since there was no evidence presented that the victim was not guilty of contributory misconduct, the Court must deny this claim.
While the Court does not wish to minimize this tragic event, it is constrained by the evidence to stand by the previous ruling; therefore, this claim must be, and is hereby, denied.